# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>         Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>         Plaintiff,<br><br>     - against -<br><br>GENESIS BLOCK LTD, BLUEBIRD CAPITAL LTD., KEY SOLUTION DEVELOPMENT LTD., MERCHANT OASIS LTD., CLEMENT IP, HUNG KA HO, TIN KA YU, CHARLES YANG, MYTH SUCCESS LTD., GB HOLDINGS, LTD., GBV CAPITAL, INC., NAI HIM LESLIE TAM, ABLE RISE CORPORATE DEVELOPMENT LTD., GBV TECHNOLOGIES LTD., and D21 SOLUTIONS LTD.,<br><br>         Defendants. | Adv. Pro. No. 24-50185 (JTD) |

## FIRST AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1. This First Amended Case Management Plan and Scheduling Order, by and among the above-captioned Plaintiff and the Defendants (defined below, and with Plaintiff, collectively the "Parties" and each a "Party"), shall apply in the above-captioned adversary proceeding and supersedes the *Case Management Plan and Scheduling Order* [Adv. D.I. 6].

    a. The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on November 4, 2024.

    b. The term "Defendants" as used herein shall mean the defendants in the above-captioned adversary proceeding.

    c. Defendants have accepted service of process. Other than those relating to service of process or sufficiency of process, Defendants reserve any and all rights, claims, and defenses not otherwise waived.

2. **Response to Complaint.** Defendants, except Key Solution Development Ltd. ("Key Solution"), shall have until January 29, 2025 to answer, move against, or otherwise respond

to the Complaint.  Key Solution shall have until April 4, 2025 to answer, move against, or otherwise respond to the Complaint.  The last day for Plaintiff to amend the Complaint shall be May 2, 2025.  The schedule for the briefing shall be as follows:

   a. Key Solution's response to the complaint shall be due April 4, 2025;

   b. Oppositions to any motion to dismiss shall be due May 1, 2025; and

   c. Replies shall be due June 2, 2025.

3. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

   a. **Initial Disclosures.**  Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure no later than January 31, 2025, except Key Solution, which shall serve its initial disclosures no later than April 8, 2025.

   b. **Fact Discovery.**

      i. The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery beginning on or after January 31, 2025, except as to Key Solution, which may serve, and be served, document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery beginning on or after April 8, 2025.

      ii. The Parties may serve on non-parties subpoenas pursuant to Rule 45 (BR 9016) beginning on or after January 31, 2025.

      iii. The Parties shall substantially complete their production of documents in response to document requests served on or before April 30, 2025, by July 23, 2025 (with substantial rolling productions beginning no later than March 26, 2025 in response to requests served on or before February 3, 2025).

      iv. The Parties shall provide logs of documents withheld or redacted on privilege grounds by August 6, 2025.

      v. Deposition notices, including non-party deposition notices, shall be served no less than 21 days prior to the deposition date.  Plaintiff and Defendants shall each be entitled to take a total of 20 depositions of fact witnesses.  Additional depositions may be requested upon motion to the Court on good cause shown.

      vi. Fact discovery, including depositions, shall be completed by September 30, 2025.

    c. **Expert Discovery.**

        i. Plaintiff's initial expert reports—including expert submissions of foreign law—if any, shall be served by September 23, 2025, and they shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, by September 9, 2025.

        ii. Defendants' expert reports—including expert submissions of foreign law and including rebuttal reports in response to Plaintiff's initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—if any, shall be served by December 8, 2025, and they shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, by November 24, 2025.

        iii. In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiff's initial expert reports, if any, Plaintiff may serve rebuttal expert reports in response thereto by January 23, 2026.

        iv. All expert reports must satisfy the requirements of Rule 26 (BR 7026).

        v. Expert depositions shall be completed by March 6, 2026.

    d. **Dispositive Motions.**

        i. Motions for summary judgment shall be due no later than April 10, 2026.

        ii. Oppositions to motions for summary judgment, if any, shall be due May 8, 2026.

        iii. Replies in support of summary judgment shall be due June 5, 2026.

4. **Jurisdiction.** Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections, including objections based on personal jurisdiction.

5. **Modification.** The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: March 12th, 2025  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE